**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**NATIONAL LIABILITY & FIRE
INSURANCE COMPANY,**

        Plaintiff,

v.                                      **CIVIL ACTION NO.: 3:14-CV-38
(JUDGE GROH)**

**MATT'S AUTO WORLD PREOWNED
CARS, LLC; PRESTON MILLER;
SANDY WOODWARD; and CHRISTINE
SMITH,**

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT AND MOTION FOR SUMMARY JUDGMENT

On this day, the above-styled matter came before this Court for consideration of Plaintiff National Liability & Fire Insurance Company's Motion for Default Judgment and Motion for Summary Judgment [ECF 16], filed on October 14, 2014. For the following reasons, the Court **DENIES** these motions without prejudice.

### I. Background

On April 4, 2014, the Plaintiff initiated this case by filing a complaint against the Defendants. Defendants Sandy Woodward and Christine Smith waived service of the summons with an answer or Federal Rule of Civil Procedure 12 motion due sixty days from April 9, 2014. On May 28, 2014, the Plaintiff served the summons and complaint on Defendants Preston Miller and Matt's Auto World Preowned Cars, LLC. None of the Defendants have appeared in this action since the Plaintiff effected service. For example, no answers have been filed.

## II. Motion for Default Judgment

Federal Rule of Civil Procedure 55 provides for a two-step default judgment process when a defendant fails to plead or defend. Rodriguez v. Irwin, No. 7:10-CV-102-FL, 2011 WL 737316, at *5 (E.D.N.C. Feb. 23, 2011); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). First, under Rule 55(a), "the clerk must enter the party's default" upon the plaintiff's request. Meehan, 652 F.2d at 276; see also Hayhurst v. Liberty Int'l Underwriters, Inc., No. 5:08CV107, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D. W. Va. Jan. 26, 2009) ("To obtain a default judgment, a party *must first seek an entry of default* under Federal Rule of Civil Procedure 55(a)." (emphasis added)). Only after the clerk enters a default may the plaintiff seek a default judgment under Rule 55(b)(1) or (2). Fed. R. Civ. P. 55(b); see also Rodriquez, 2011 WL 737316, at *5. If the defendant has failed to appear and "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the plaintiff can request a default judgment from the clerk under Rule 55(b)(1). Fed. R. Civ. P. 55(b)(1); see also Rodriquez, 2011 WL 737316, at *5. If that is not the case, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Here, the Plaintiff did not seek an entry of default under Rule 55(a) before moving for default judgment. Because compliance with Rule 55(a) is a prerequisite for an entry of judgment under Rule 55(b)(1) or (2), this motion is "not on the proper procedural footing." See Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995); see also Christenson Media Group, Inc. v. Lang Indus., Inc., 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011) (stating that "Fed. R. Civ. P. 55 contemplates a two-step process in which a plaintiff must first apply to the clerk for entry of default under subsection (a)"); L & M Companies, Inc. v. Biggers III Produce, Inc., No. 3:08cv309–RJC–DCK, 2010 WL 1439411, at *5

(W.D.N.C. Apr. 9, 2010) (noting that the clerk's entry of default is a prerequisite to the entry of a default judgment). For this reason, the Court **DENIES WITHOUT PREJUDICE** the Plaintiff's Motion for Default Judgment. If the Plaintiff seeks default judgment, it must first apply to the clerk for entry of default. The Court therefore grants the Plaintiff leave to move for default judgment if the clerk enters default.

### III. Motion for Summary Judgment

Federal Rule of Civil Procedure 56 governs summary judgment. Generally, however, a court should only grant summary judgment "after adequate time for discovery." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Consistent with this principle, Federal Rule of Civil Procedure 56(d) authorizes a court to deny summary judgment when the nonmovant needs more time to discover facts essential to oppose the motion:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Further, the Fourth Circuit recently stressed the importance of allowing adequate time for discovery before ruling on a motion for summary judgment, stating: "Summary judgment *before* discovery forces the non-moving party into a fencing match without a sword or mask." McCray v. Md. Dep't of Transp., Md. Transit Admin., __ F.3d __, 2014 WL 323272, at *3 (4th Cir. 2014).

Here, not only has discovery not begun in this matter, but the Defendants have not

3

even appeared. Courts have denied motions for summary judgment as premature because discovery had not yet closed. See Knecht v. Erie Ins. Prop. & Cas. Co., Civil Action No. 5:09CV36, 2010 WL 597500, at *1 (N.D.W. Va. Feb. 16, 2010) (finding summary judgment motion premature because parties, who had all appeared in the case, still had time left to conduct discovery); Rudolph v. Buncombe Cnty. Gov't, Civil Action No. 1:10cv203, 2011 WL 1883814, at *1 (W.D.N.C. May 17, 2011) (denying as premature summary judgment motion because plaintiff filed it in response to defendants' answer before any discovery had occurred). The Plaintiff's motion for summary judgment therefore is premature because the Defendants have not had the opportunity to conduct discovery. See Rudolph, 2011 WL 1883814, at *1. Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Plaintiff's Motion for Summary Judgment as premature.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** October 24, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE